OPINION
This pro se appeal is brought by Stacey Miller ("Appellant") from a judgment of the Court of Common Pleas of Marion County denying his petition for post-conviction relief on the basis of untimely filing. For the reasons that follow, we affirm the decision of the trial court.
The record reflects that in March 1996, Appellant was indicted on one count of aggravated trafficking and one count of trafficking in marijuana. Each charge contained a specification that the Appellant had previously been convicted of an offense of violence. Appellant pled not guilty to the charges and the matter was tried before a jury. The jury returned a guilty verdict on both counts and Appellant was subsequently sentenced to a total prison term of six to twenty years. An appeal to this court resulted in a judgment reversing the conviction and remanding the case for a new trial. See State v. Miller (Jul. 30, 1997), Marion App. No. 9-97-13, unreported.
The case was again tried to a jury in October 1998. As with the previous trial, the jury returned guilty verdicts on both charges contained in the indictment. Appellant was then sentenced to a total indefinite prison term of four to ten years. Appellant filed another appeal to the conviction; however, this time we affirmed the judgment of the trial court. See State v. Miller
(Jul. 1, 1999), Marion App. No. 9-99-01, unreported.
Following the unsuccessful appeal, Appellant filed a November 5, 1999 petition for post-conviction relief pursuant to R.C.2953.21, alleging ineffective assistance of counsel and prosecutorial misconduct. The State of Ohio filed a response arguing that the court lacked jurisdiction to decide the merits of the petition because it was filed outside the prescribed time limits. In a judgment entry issued on November 15, 1999, the trial court agreed with the argument advanced by the state and denied Appellant's petition. This appeal followed.
In his sole assignment of error, Appellant claims that the trial court erred in denying his petition on a procedural defect. R.C. 2953.21(A)(2) provides the general time periods within which an individual convicted of a criminal offense may properly file a petition for post-conviction relief. This statute states, in pertinent part:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *.
 As we already pointed out, Appellant took a direct appeal from the 1998 judgment of conviction and sentence. The record herein indicates that the transcript for that appeal was filed in this court on March 23, 1999. Appellant had one hundred eighty days from that date to file a petition for post-conviction relief. The facts show that Appellant did not file the petition until November 5, 1999, more than a month past the deadline. Thus, as Appellant seems to concede, his petition was not timely.
Under R.C. 2953.23, a trial court is forbidden from entertaining an untimely petition for post-conviction relief unless the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the periods prescribed in division (A)(2) of section 2953.21 * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 Although he agrees that he did not file within the appropriate time limits, Appellant maintains that the trial court erroneously denied the petition without first allowing him time to respond to the State's memo in opposition because, in that case, he would have been able to demonstrate the applicability of the exceptions contained in R.C. 2953.23. This court is not persuaded. The above statutes clearly place the burden on the petitioner to first demonstrate in the petition that the court has jurisdiction. Otherwise, a trial court is precluded from deciding the issues contained therein. Accord State v. Kasubienski (Nov. 12, 1997), Lorain App. No. 97CA006684, unreported.
Appellant's petition fails to even address the exceptions contained in R.C. 2953.23, much less demonstrate that they apply. Furthermore, Appellant's brief to this court only speaks to an allegation that he was "unavoidably prevented" from discovering certain facts. Appellant does not claim that a reasonable factfinder would have found him not guilty but for an alleged constitutional error, as is required by the statute. Thus, we find that the trial court correctly denied Appellant's petition.
Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 HADLEY, P.J., and BRYANT, J., concur.